UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NAVARRE L.,

                Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

CASE NO. 3:21-cv-05420-BAT

**ORDER REVERSING THE COMMISSIONER'S DECISION**

Plaintiff seeks review of the denial of his application for Supplemental Security Income. He contends the ALJ erred in assessing the medical opinion evidence, his testimony, and the lay evidence and that the residual functional capacity ("RFC") determination and step-five findings are thus erroneous. Dkt. 14 at 1. He also contends he is entitled to a remand on two constitutional grounds. *Id.* For the reasons below, the Court finds the ALJ did not err in assessing the evidence and that the separation of powers doctrine is not grounds to reverse the ALJ's decision. However, the Court finds under *Lucia v. S.E.C.*, 138 S. Ct. 2044 (2018), and *Carr v. Saul*, 141 S.Ct. 1352, 1362 (2021), the final decision must be reversed, and the matter must be remanded with direction that a new ALJ adjudicate Plaintiff's application.

        The Court accordingly REVERSES the Commissioner's final decision and REMANDS the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

ORDER REVERSING THE COMMISSIONER'S DECISION - 1

# BACKGROUND

Plaintiff is currently 25 years old, has a high school diploma and some college education, and has no past relevant work. Tr. 231, 677. In March 2015, he applied for benefits, alleging disability as of his birthdate. Tr. 212-21. His application was denied initially and on reconsideration. Tr. 140-43, 150-52. The ALJ conducted a hearing in May 2017 (Tr. 44-108), and in November 2017 found Plaintiff not disabled. Tr. 26-38.

The Appeals Council denied Plaintiff's request for review (Tr. 1-8), and Plaintiff sought judicial review. The U.S. District Court for the Western District of Washington reversed the ALJ's decision and remanded for further administrative proceedings in November 2019. Tr. 983-98. The same ALJ held a hearing in December 2020 (Tr. 911-51) and subsequently issued another decision finding Plaintiff not disabled. Tr. 881-900. Plaintiff now seeks judicial review of that final decision.

# THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one:** Plaintiff has not engaged in substantial gainful activity since the application date.

**Step two:** Plaintiff has the following severe impairments: autism spectrum disorder, anxiety disorder, and depressive disorder.

**Step three:** These impairments did not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity ("RFC"):** Plaintiff can perform a full range of work at all exertional levels, but can understand, remember, and apply detailed, but not complex, instructions. He can perform predictable tasks. He cannot work in a fast-paced production-type environment. He can tolerate occasional workplace changes. He cannot interact with the general public. He can tolerate occasional interaction with co-workers.

---

[1] 20 C.F.R. §§ 404.1520, 416.920.

[2] 20 C.F.R. Part 404, Subpart P, Appendix 1.

ORDER REVERSING THE COMMISSIONER'S DECISION - 2

**Step four:** Plaintiff has no past work.

**Step five:** As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, he is not disabled.

Tr. 881-900.

## DISCUSSION

A.  **Plaintiff's Testimony**

The ALJ discounted Plaintiff's testimony on the grounds it was contradicted by the objective medical evidence and Plaintiff's activities. Tr. 891-94. In the absence of evidence of malingering, an ALJ must provide clear and convincing reasons to discount a claimant's testimony. *See Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

Plaintiff argues the ALJ erred in assessing the medical evidence, and this error tainted the ALJ's assessment of Plaintiff's testimony. Dkt. 14 at 10-11. As explained *infra*, the Court finds the ALJ did not err in assessing the medical evidence, and thus rejects this argument.

Plaintiff also argues the ALJ erred in merely summarizing the medical evidence, without explaining how it undermines Plaintiff's testimony. Dkt. 14 at 11. Plaintiff is incorrect. The ALJ explicitly discussed the contradictions between the many normal objective findings and the limitations alleged by Plaintiff. *See* Tr. 892 (contrasting normal mental findings with allegations of disabling mental limitations, pointing to gaps in treatment "for no apparent reason"), Tr. 893 (citing Plaintiff's reports to providers of doing well, Plaintiff's stopping medication because he felt fine without it). The ALJ did not merely summarize the medical evidence but explained why it undermined Plaintiff's allegation of disability. This is a legally sufficient reason to discount Plaintiff's testimony. *See Carmickle v. Comm'r of Social Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) ("Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony.").

ORDER REVERSING THE COMMISSIONER'S DECISION - 3

Plaintiff also challenges the ALJ's finding Plaintiff's activities undercut his testimony, arguing none of his activities are inconsistent with his testimony or demonstrate transferable work skills. Dkt. 14 at 11. The ALJ did not cite Plaintiff's activities as evidence of transferable work skills, however, and identified several inconsistencies between his activities and Plaintiff's testimony that Plaintiff does not acknowledge. For example, the ALJ referenced Plaintiff's ability to graduate high school, play on a football team, interact with friends, and connect with providers, in contrast to his allegations of disabling social limitations. Tr. 891-94. The ALJ's findings are not unreasonable and thus the ALJ did not err in relying on these inconsistencies to discount Plaintiff's testimony. *See Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (activities may undermine credibility where they (1) contradict the claimant's testimony or (2) "meet the threshold for transferable work skills").

Lastly, Plaintiff argues the ALJ erred in finding in a conclusory fashion that his "treatment history does not suggest the presence of impairments that are more limiting than found in this decision" (Tr. 894), but Plaintiff quotes only the ALJ's last sentence of a longer paragraph. Dkt. 14 at 11. In isolation, the concluding sentence may be conclusory, but Plaintiff has not shown that the ALJ's prior discussion or findings are conclusory, and thus fails to establish the ALJ erred.

Because Plaintiff has failed to establish harmful error in the ALJ's assessment of his testimony, the Court affirms this portion of the ALJ's decision.

**B.     Medical Opinion Evidence**

Plaintiff challenges the ALJ's assessment of certain medical opinions.

   *1.     Carla van Dam, Ph.D.*

Dr. van Dam examined Plaintiff in June 2015 and wrote a narrative report describing test results and her conclusions as to Plaintiff's ability to function. Tr. 676-80. Specifically, Dr. van Dam noted Plaintiff's memory testing was not valid, and she concluded he would have social limitations. *Id*. The ALJ gave Dr. van Dam's opinion some weight, noting her memory testing was invalid and finding Plaintiff's social limitations were not as restrictive as Dr. van Dam suggested, in light of the normal findings as to interaction in the treatment notes as well as Plaintiff's social activities. Tr. 895-96.

Plaintiff argues the ALJ erred by acting "as his own medical expert" in finding Dr. van Dam's opinion inconsistent with other evidence in the record. Dkt. 14 at 3. This argument is unpersuasive because an ALJ may properly consider whether a medical opinion is consistent with other evidence in the record. *See, e.g.*, *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (inconsistency with the record properly considered by ALJ in rejection of physician's opinions); *Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001) (affirming an ALJ's rejection of a treating physician's opinion that was inconsistent with the claimant's level of activity). Plaintiff's challenge to the ALJ's assessment of Dr. van Dam's opinion thus fails.

  2. *Terilee Wingate, Ph.D.*

Dr. Wingate examined Plaintiff in September 2016 and August 2020 and completed DSHS form opinions on both occasions, noting some marked limitations and other mild/moderate limitations. Tr. 767-72, 1450-54. The ALJ noted that as an examining psychologist, Dr. Wingate relied on Plaintiff's self-reporting and that the longitudinal record does not corroborate the disabling limitations that Dr. Wingate indicated. Tr. 896. For these reasons, the ALJ gave little weight to Dr. Wingate's opinions. *Id*.

Plaintiff states that Dr. Wingate's status as an examining provider is not a sufficient basis on which to discount her opinions. Dkt. 14 at 5. Plaintiff is correct the fact Dr. Wingate is an examining doctor is not a valid basis to reject her opinions.

The ALJ also rejected Dr. Wingate's opinion as reliant on Plaintiff's self-reporting, which the ALJ properly discounted (as discussed *supra*), and this finding is supported by Dr. Wingate's repeated references to Plaintiff's self-reporting in the "clinical findings" sections of her opinions. *See* Tr. 768, 1451. Dr. Wingate did not find Plaintiff was malingering. Her evaluation included standardized testing and her own clinical observations. To be sure, she also recorded Plaintiff's statements but there is no basis to conclude that her opinions simply parrot Plaintiff's statements. The ALJ accordingly erred in rejecting the doctor's opinion.

The ALJ also discounted Dr. Wingate's opinions as inconsistent with the longitudinal record. The ALJ found the doctors opinions were inconsistent with the treatment record as well as Plaintiff's demonstrated functioning. This is a valid reason to discount Dr. Wingate's opinions. *See Tommasetti*, 533 F.3d at 1041; *Rollins*, 261 F.3d at 856.

Because the ALJ provided a least one legally sufficient reason supported by substantial evidence to discount Dr. Wingate's opinions, the Court affirms the ALJ's assessment of those opinions.

3.  Arthur Tolentino, LMFT, Ph.D.

Dr. Tolentino examined Plaintiff in August 2018 and completed a DSHS form opinion describing his symptoms and indicating multiple marked limitations. Tr. 1356-59. The ALJ found Dr. Tolentino relied heavily on Plaintiff's self-report and contrasted the many normal mental status examination findings with Dr. Tolentino's conclusions. Tr. 896-97. The ALJ

found the State agency psychological opinions was more consistent with the record in describing Plaintiff's limitations, and thus Dr. Tolentino's opinion was not persuasive.  Tr. 897.

Plaintiff argues the ALJ erred in discounting Dr. Tolentino's opinion for the same reasons that he erred in discounting Dr. Wingate's opinions (Dkt. 14 at 7), but the Court finds that the ALJ's reasoning is sufficient as to both Dr. Wingate's opinions (as explained *supra*) and Dr. Tolentino's opinion.  Dr. Tolentino did not support his conclusions with clinical findings, and entered mostly normal findings as to the mental status examination.  Tr. 1356-59.  The ALJ also properly compared Dr. Tolentino's opinion to the longitudinal record and reasonably found that the opinion was inconsistent with other evidence in the record.  *See Tommasetti*, 533 F.3d at 1041.  Accordingly, the Court affirms the ALJ's assessment of Dr. Tolentino's opinion.

    4.    *Cephus Childs, MS, MHP, LMFT*

Mr. Childs, a treating therapist, completed a form checkbox opinion in April 2017 and indicated Plaintiff had disabling limitations in all mental areas.  Tr. 762-65.  The ALJ gave little weight to this opinion, finding his opinion was inconsistent with the treatment records (his own and other treatment notes) as well as Plaintiff's educational history.  Tr. 897.

Plaintiff contends the ALJ mischaracterized his educational history in finding that he graduated from high school with honors and attended the first year of college before stopping due to reasons unrelated to his impairments.  Dkt. 14 at 8.  Plaintiff emphasizes he was homeschooled toward the end of high school and only took one college class at a time.  *Id*.  Plaintiff has not shown the ALJ's description of his education is inaccurate, however, or that the ALJ was unreasonable in finding Plaintiff's school participation was inconsistent with the disabling cognitive and/or social limitations described by Mr. Childs (Tr. 762-63) and others.

*See* Tr. 895 (the ALJ's discussion of Plaintiff's educational history). This is a proper basis for discounting a lay opinion. *See Carmickle*, 533 F.3d at 1164.

Plaintiff also argues that although the ALJ found Mr. Childs's opinion was not corroborated by his own treatment notes, the ALJ had never "cited or discussed Mr. Childs's notes in Exhibit 23F." Dkt. 14 at 9. Plaintiff is incorrect: the ALJ cited Exhibit 23F in multiple parts of the decision. *See* Tr. 889, 892, 893, 894, 895, 896, 898. Plaintiff has not shown the ALJ's reasons to discount Mr. Childs's opinion are erroneous, and the Court therefore affirms this portion of the ALJ's decision.

        5.     *State Agency Opinions*

Plaintiff argues the ALJ erred in purporting to give significant weight to the State agency psychological opinions but then failing to account for all of the limitations contained therein. Dkt. 14 at 10. Plaintiff does not identify any particular limitation that is inconsistent with the ALJ's RFC assessment, however. Plaintiff also fails to account for the ALJ's explicit discussion of how he translated the vague wording used in the State agency opinions into concrete restrictions in the RFC assessment, based on his review of the longitudinal record. Tr. 895.

Because Plaintiff has not shown that the ALJ's assessment of the State agency opinions was unreasonable, or that the RFC assessment is actually inconsistent with the State agency opinions, Plaintiff has failed to meet his burden to show that the ALJ erred in assessing the State agency opinions.

**C.**    **Lay Evidence**

The ALJ summarized the multiple lay statements in the record (Tr. 241-48, 297-99, 301, 427-44, 1270-77) as well as Plaintiff's mother's testimony at both administrative hearings, explaining that to the extent that the lay witnesses opined that Plaintiff is unable to work, that is

an issue reserved to the Commissioner, and that the longitudinal record indicates that Plaintiff's limitations are not as severe as the lay witnesses described. Tr. 897-98.

Plaintiff describes the ALJ's assessment of the lay evidence as a "conclusory assertion" that the lay evidence does not establish Plaintiff to be more limited than described in the RFC assessment (Dkt. 14 at 15), but again, Plaintiff quotes only the concluding sentence of a longer paragraph elucidating the ALJ's rationale. *See* Tr. 897-98. Plaintiff has not shown that the entirety of the ALJ's assessment of the lay evidence is merely conclusory and unsupported by substantial evidence. The ALJ provided germane reasons to discount the lay evidence that have been not specifically challenged by Plaintiff, and the Court thus affirms this portion of the ALJ's decision. *See Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001) ("One reason for which an ALJ may discount lay testimony is that it conflicts with medical evidence."); *Carmickle*, 533 F.3d at 1164 (indicating that inconsistency between lay evidence and a claimant's activities is a proper basis for discounting the lay evidence).

**D.    Constitutional Challenges**

Plaintiff contends this case must be remanded because the structure for removing the Commissioner of Social Security violated separation of powers under Article II of the U.S. Constitution, such that the Commissioner's decision to deny him benefits was made by individuals who had not properly been delegated authority to make such decisions. Dkt. 14 at 17-19. For the reasons stated in *Lisa Y. v. Commissioner of Social Security*, -- F.Supp.3d --, No.21-5207-BAT, 2021 WL 5177363 at *5-8 (W.D. Wash. Nov. 8, 2021), the Court finds 42 U.S.C. § 902(a)(3) is indeed unconstitutional but is not grounds to reverse the ALJ's decision in this case.

Plaintiff also argues the Court must reverse the case under *Lucia v. S.E.C.*, 138 S. Ct. 2044 (2018). There is no dispute ALJ Erickson was not properly appointed when he issued the first decision finding Plaintiff not disabled in 2017. That decision was reversed and on remand the Commissioner again assigned Plaintiff's application to ALJ Erickson.  Before ALJ Erickson conducted the 2019 hearing, Plaintiff made a written request that his application be assigned to a different and properly appointed ALJ pursuant to *Lucia*. Tr. 882.  ALJ Erickson rejected the request on the grounds he was properly appointed in 2018, and Plaintiff's request, made five weeks before the 2019 hearing was untimely. Tr. 882-884.

Plaintiff argues ALJ Erickson was barred from determining his application on remand under *Lucia*. Dkt. 33 at 18-19; Dkt. 36 at 10.  The Commissioner disagrees arguing although ALJ Erickson was not properly appointed when the first decision was issued, *Lucia* was not violated because he was properly appointed before issuing the second decision that is now before the Court. The Court rejects the Commissioner's argument.  Under *Lucia* when an "adjudication tainted with an appointments violation" occurs, a claimant must receive a "new hearing before a properly appointed official.".  and "that official" cannot be the same ALJ, "even if he has by now received (or receives sometime in the future) a constitutional appointment." *Lucia*, 138 S. Ct. at 2055. "To cure the constitutional error, another ALJ … must hold the new hearing" to which a claimant is entitled. *Id*.  Here, only the first condition was met.

Under *Lucia*, ALJ Erickson's continuation as the adjudicator of Plaintiff's disability application continued the constitutional appointments violation.  *See id.* ("Judge Elliot has already both heard Lucia's case and issued an initial decision on the merits. He cannot be expected to consider the matter as though he had not adjudicated it before.").  Because Plaintiff's 2019 hearing violated *Lucia*'s mandate, ALJ Erickson's subsequent and proper appointment in

2018 did not, as the Commissioner argues, cure the first decision's constitutional defect. Further *Lucia* directs that under these circumstances ALJ Erickson is barred from further adjudicating the case.

The Court also rejects the ALJ's determination that Plaintiff made an untimely request that a different ALJ adjudicate his application. The Ninth Circuit has reversed and remanded the Commissioner's final decision in social security cases even when the Plaintiff failed to raise a *Lucia* claim during administrative proceedings or in the District Court. *See e.g., Hartwell v. Saul,* 3:19-cv-05303-BAT, Dkt 20 (vacating the District Court's affirmance of the Commissioner's final decision and remanding under *Carr v. Saul*). *Carr v. Saul*, 141 S.Ct. 1352, 1362 (2021) held a claimant who did not raise a *Lucia* claim during administrative proceedings was not barred from raising the claim in the District Court. Here, Plaintiff raised the *Lucia* claim during administrative proceedings more than a month before the ALJ conducted the 2019 hearing and again raises the issue here. The Court has no basis to conclude Plaintiff has waived the *Lucia* claim and is precluded from raising it now.

In sum, the Court finds to cure the appointments clause constitutional error, the Commissioner's final decision must be reversed and remanded, and another ALJ must hold the new hearing and adjudicate Plaintiff's applciation.

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **REVERSED,** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C § 405(g).

/

/

On remand the Commissioner shall select a different properly sworn ALJ to adjudicate Plaintiff's disability application and claim. Because the first and second final decisions are tainted by the appointments clause violation, the new ALJ shall conduct a de novo hearing utilizing the five step disability evaluation process and addressing each step of that process.

DATED this 21st day of January, 2022.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

e